**Philip WHEELAND, Individually, Appellant,**

**v.**

**Martha Delgado CLAUDIO, Individually, and on behalf of the Estate of Jesus Claudio, Jr., and as Next Friend of Claudia Elizabeth Claudio, Iris Guadalupe Claudio, Isaac Claudio, and Jesus Esteban Claudio, Minor Children, and Elizabeth De Los Santos and Jesus Claudio, Sr., Appellees.**

No. 2-92-136-CV.

Court of Appeals of Texas, Fort Worth.

Oct. 21, 1992.

Law Office, Tony Korioth, P.C., and Tony Korioth, Austin, for appellant.

Ball, Landrith & Kulesz, P.C., and David L. Lewallen, Arlington, for appellees.

Before FARRIS, MEYERS and DAY, JJ.

## OPINION

FARRIS, Justice.

Appellant, Philip Wheeland, appeals an order denying him summary judgment which is ordinarily not appealable. *See* Hittner & Liberato, *Summary Judgments in Texas*, 20 ST. MARY'S L.J. 243, 279 (1988). However, Wheeland argues this case comes within an exception to the general rule because the motion was based upon his assertion of immunity as an employee of a state subdivision. *See* TEX. CIV.PRAC. & REM.CODE ANN. § 51.-014(5) (Vernon Supp.1992).

Wheeland contends he is immune from any liability for the appellee's injuries

because their suit against him is based upon his negligence while he was acting in the course and scope of his employment with the City of Crowley. Wheeland did not support his summary judgment motion with any proof of its alleged facts, instead his motion made reference to facts alleged in the appellees' original petition but not included in their later amended pleadings. It was Wheeland's burden to show that as a matter of law no issue of fact existed as to plaintiffs' cause of action. *See Summary Judgments*, 20 ST. MARY'S L.J. at 268. Wheeland did not meet his burden because there is no summary judgment proof to support his claim of immunity.

Because the record contains no proof of Wheeland's claim of immunity, we have no jurisdiction to consider this interlocutory appeal, and it is dismissed.